IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cv-02402-CMA-MJW

OHIO SPINE NETWORK, INC.,
an Ohio Corporation,,

       Plaintiff,

v.

LANX, INC.,
a Delaware Corporation,

       Defendant.

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER (DN 12-1)

This matter having come before the Court pursuant to the agreement of the parties, and good cause being shown, the Court ORDERS that the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of Protected Information (*i.e.*, any information properly designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order) produced in discovery or filed with the Court:

    **1.    CATEGORIES OF CONFIDENTIAL INFORMATION.**

        (a)    **CONFIDENTIAL.** A document, court filing, response to subpoena, interrogatory or request for admission, or testimony of a witness may be designated by a party as "CONFIDENTIAL" if, in the discretion of the producing, designating, or testifying entity, it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees.

(i) The term "CONFIDENTIAL" means any information relating to any trade secrets, designs, know-how, inventions, technical data, ideas, uses, processes, methods, formulae, research and development activities, work in process, or any scientific, engineering, manufacturing, marketing, or business plan, relating to the Producing Party's business, its present or future products, sales, suppliers, customers, or business, whether in oral, written, graphic or electronic form. CONFIDENTIAL shall also include any financial data, including, but not limited to, account numbers, bank statements, canceled checks, tax documents or any other financial documents relating to the Producing Party or any of its members and/or shareholders. Finally, CONFIDENTIAL shall also include any documents for which the Producing Party is subject to any confidentiality agreements or obligations. CONFIDENTIAL shall not include any information (that would otherwise, under the definition herein be considered confidential) that the Receiving Party can demonstrate: (a) was in the Receiving Parties' possession prior to its being furnished to the Receiving Party under the terms of this Agreement; (b) is now, or hereafter becomes, through no act or failure to act on the part of the Producing Party, generally known to the public; (c) is rightfully obtained by the Receiving Party from a third party, without breach of any obligation to the Producing Party (subject, however, to the terms of this Protective Order, which permits a party to designate documents and information obtained by a third party as confidential information); or (d) is independently obtained by the Receiving Party without use of or reference to the CONFIDENTIAL information. A Receiving Party contesting CONFIDENTIAL designation of a document shall be required to notify the Producing Party that it concludes such document is not confidential under this Agreement, and the Receiving Party shall have fifteen (15) days from such notice to file a motion with the Court

for a determination under paragraph 7 as to whether such information is confidential under the definitions set forth in this paragraph.

    (b)    **HIGHLY CONFIDENTIAL.** In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to CONFIDENTIAL Information. A document, court filing, response to subpoena, interrogatory or request for admission, or testimony of a witness may be designated by a party as "HIGHLY CONFIDENTIAL" if, in the discretion of the producing, designating, or testifying entity, it is determined in good faith (1) to contain non-public information of a competitively sensitive, proprietary, financial (including, but not limited to, valuations, financial reports, projections, balance sheets, profit and loss statements, etc.), or trade secret nature, or to involve the privacy interests of employees and (2) that disclosure of such information to opposing parties may be detrimental to the producing, designating, or testifying entity. It is expressly understood and agreed that the parties will not designate information as HIGHLY CONFIDENTIAL without counsel making a good faith determination that the information qualifies as such under this paragraph.

2.    **DESIGNATION OF INFORMATION PRODUCED.**

    (a)    Any answers, responses or documents deemed Protected Information under Paragraph 1(a) by the Producing Party shall be marked or stamped by the Producing Party as "CONFIDENTIAL."

    (b)    Any answers, responses or documents deemed Protected Information under Paragraph 1(b) by the Producing Party shall be marked or stamped by the Producing Party as "HIGHLY CONFIDENTIAL."

#1521556 v1 den

(c) Any answers, responses or documents deemed Protected Information under Paragraphs 1(a) or 1(b) that are produced by a third party who has received a subpoena or other request for documents or information may at the election of any party to this matter be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Such designation shall be made in accordance with Paragraph 3(g) below.

(d) Stamping, marking, or designating material as set forth in Paragraphs 2(a), 2(b), and 2(c) shall constitute certification by the producing or designating party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

3. **DEPOSITIONS AND SUBPOENAS.**

(a) If Confidential Information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal.

(b) During any deposition, counsel for either party may request that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Under no circumstances may a party designate testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL prior to a question eliciting such testimony actually being asked. The room in which the deposition is being taken shall, at the request of either party, be closed in accordance with the restrictions of Paragraphs 4 and 5. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the Producing Party to advise or instruct the witness not to answer and counsel for any other party to request a continuation of the deposition until such time as the room may be closed in accordance with the restrictions of Paragraphs 4 and 5.

(c) In addition to the option to object to a designation as provided by Paragraph 8, a party may elect to continue the deposition for purposes of resolving the question of whether a designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL is appropriate.

(d) Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as CONFIDENTIAL in their entirety until fifteen (15) days after receipt of the transcript, unless the parties expressly agree otherwise, except that portions previously designated as HIGHLY CONFIDENTIAL shall be treated as HIGHLY CONFIDENTIAL. Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting confidential information and the category of confidentiality. If a party seeks to designate testimony of a witness subject to control by another party in the litigation as Protected Information, such designation shall only be effective if the party that controls the witness consents to the designation by giving written consent within ten (10) business days of receiving the proposed designation. Until receipt of the controlling party's consent, all testimony reflected in the transcript shall continue to be treated as though it was not Protected Information unless otherwise previously designated as such by the controlling party. A witness is deemed to be subject to a party's control for purposes of this Order if a party accepts service of a subpoena on the witness' behalf or otherwise indicates that communications with that witness should be made through the party's counsel.

(e) The pages of the transcript designated as containing Protected Information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting

Protected Information shall be appropriately noted on the front of the original deposition transcript and identified with the appropriate category as set forth in Paragraphs 1(a) and 1(b). Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Paragraphs 2(a) and 2(b). To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter, and shall pay all additional charges associated with fulfilling this requirement.

    (f)    Failure to designate testimony as Protected Information either at a deposition or within fifteen (15) days after receipt of the transcript shall be deemed a waiver of the right to designate such testimony as Protected Information, but shall not affect the status of any other documents or information, whether or not closely related.

    (g)    Documents and any other materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be shown to a witness to examine or cross-examine the witness during a deposition or trial in circumstances only where the disclosure of such information is relevant to the subject of examination, but the witness shall not be permitted to view such materials in advance of the deposition or trial unless the witness prepared or participated in the preparation of the document or the witness was a recipient of or was shown the document prior to it being produced in this litigation. The witness also shall not be permitted to retain any such documents or things or any copies thereof after the deposition or trial (except for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under Paragraphs 4 or 5 hereof to receive such information. Notwithstanding the foregoing, if the Producing Party

objects to the use of Protected Information at a deposition or at trial, the Producing Party shall file a motion for a protective order with the Court objecting to such disclosure within seven (7) days after designating the material as Protected Information. The Protected Information at issue shall not be disclosed at the deposition or at trial while the Producing Party's motion objecting to such disclosure is pending before the Court.

(h) Upon receipt, all documents or other information produced by a third party in response to a subpoena or other request shall be treated initially as HIGHLY CONFIDENTIAL in its entirety until fifteen (15) days after receipt, unless the parties expressly agree otherwise. Within fifteen (15) days after receipt of any document or information produced by the third party in response to a subpoena or other request, any party may designate all or portions of the documents or information produced as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The designation shall be accomplished by a letter to all other parties listing the documents or information or portions thereof that constitute confidential information. Failure to designate documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL within fifteen (15) days after receipt shall be deemed a waiver of the right to designate such documents or information as confidential information, but shall not affect the status of any other documents or information, whether or not closely related.

4. **"CONFIDENTIAL" RESTRICTIONS.**

Protected Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a) The attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action.

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (*e.g.*, court reporters).

(c) Trial or deposition witnesses, subject to the provisions of Paragraph 3(g), above.

(d) Independent experts and consultants retained by the Receiving Party's attorneys for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the Undertaking set forth in Paragraph 6.

(e) A party, or agents, officers, or employees of a party; provided, however, that any such agent, officer or employee shall execute the Undertaking set forth in Paragraph 6.

## 5. "HIGHLY CONFIDENTIAL" RESTRICTIONS

Protected Information designated as HIGHLY CONFIDENTIAL shall not be disclosed except by the prior written consent of the Producing Party or pursuant to a further order of this Court, to any person other than:

(a) The attorneys of record in this action for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action.

(b) Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (*e.g.*, court reporters).

#1521556 v1 den

(c)     Trial or deposition witnesses, subject to the provisions of Paragraph 3(g), above.

(d)     Independent experts and consultants, not including parties or their officers, representatives, distributors, agents, or employees, retained by the Receiving Party's attorneys for any party for purposes of assisting in this litigation; provided that, prior to disclosure to such expert or consultant, such expert or consultant first executes the Undertaking as set forth in Paragraph 6.

(e)     With the prior written permission of the Producing Party, officers, agents, or employees of the Receiving Party on a document-by-document basis; provided, however, that any such agent, officer, or employee shall execute the Undertaking set forth in Paragraph 6.

6. **UNDERTAKING.**

No disclosure of any Protected Information shall be made to any person, other than those specified in Paragraphs 4 and 5. Moreover, no disclosure of any Protected Information shall be made to any person, other than those specified in Paragraphs 4(a)-(c) or 5(a)-(c) unless the person to whom disclosure is to be made has signed, prior to any disclosure of Protected Information, an Undertaking in the form attached to this Order. The Receiving Party shall retain the originals of all executed Undertakings and promptly provide the Producing Party with a copy of all executed Undertakings upon request.

7. **SUBMISSION TO THE COURT.**

(a)     All Protected Information, and any pleading or other paper containing Protected Information filed with this Court, shall be under seal in accordance with the Court's practices and applicable rules, *in particular, D.C. Colo. LCiv R 7.2*. Where possible, only portions of filings with the Court containing

9

Protected Information shall be filed under seal. The Producing Party shall identify on a document-by-document, page-by-page, or section-by-section basis, as appropriate, the specific portions containing Protected Information so as to facilitate maximum disclosure of non-Protected Information portions to the Receiving Party. At trial, exhibits containing Protected Information shall, at the discretion of the Producing Party and with permission of the Court, be filed under seal.

(b)     If, through inadvertence or otherwise, Protected Information is filed with the Court without the appropriate notice, the Producing Party shall, within five (5) business days of the filing, file a motion with the Court identifying the Protected Information at issue and requesting that the information be sealed. If the Producing Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Protected Information and shall not thereafter be treated as Protected Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Producing Party shall bear the burden of establishing that the information filed with the Court should be treated as Protected Information.

## 8.     OBJECTION TO DESIGNATION

Any party may contest the designation of any document or information as Protected Information. In the event of a dispute regarding the designation of a document, the Receiving Party shall be responsible for taking the disputed matter to the Court within fifteen (15) days of the Receiving Party's written objection to the designation. During the fifteen (15) day period following the Receiving Party's objection to the designation, and until the Court rules on any motion, the document or information shall be treated according to the designation. If the

Producing Party fails to file a motion with the Court seeking to prohibit disclosure within the fifteen (15) day period (or a longer period if agreed to by all the parties), the designation shall be waived and the document or information shall be treated as non-Protected Information. The Producing Party and Receiving Party shall confer in good faith to resolve any such disagreements. This Court shall determine any unresolved disputes using the same standards as if the Producing Party or Designating Party had applied for a protective order under the Colorado Rules of Civil Procedure and related law.

9. **DISCLOSURE.**

(a) *Inadvertent Disclosure.* If, through inadvertence, the Producing Party provides any material containing Protected Information during the course of this litigation without designating the material as set forth in Paragraph 2 above, the Producing Party may subsequently inform the Receiving Party in writing of the confidential nature of the material and specify the designation that should be applied to the material. The Receiving Party shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the Receiving Party has not already disclosed the material.

(b) *Required Disclosure.* In the event that any person in receipt of Protected Information originating with another party shall receive a written request, subpoena, or court order seeking disclosure of the Protected Information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the Producing Party. If the Producing Party notifies the Receiving Party in writing of its intention to object to the written request or subpoena, the Receiving Party shall not disclose the Protected Information provided that the

Producing Party files an appropriate motion within 7 days of receiving a copy of the subpoena or written request.

(c) *Unauthorized Disclosure.* If material containing Protected Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to obtain the return of the Protected Information, and to prevent further disclosure.

10. **LIMITATION ON USE AND SURVIVAL.**

(a) Any Protected Information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatsoever.

(b) All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order until Termination of This Case.

11. **PRODUCING PARTY'S USE.**

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own Protected Information to any person; or from consenting to the disclosure of its own Protected Information by the Receiving Party.

#1521556 v1 den

### 12. INDEPENDENT SOURCE.

The restrictions on use and disclosure set forth in this Protective Order shall not apply to information that prior to being obtained by the Receiving Party pursuant to this Protective Order, either is in the possession of the Receiving Party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth in this Protective Order shall further not apply to information that, after being obtained by the Receiving Party pursuant to this Protective Order, becomes demonstrably public knowledge other than by act or omission by the Receiving Party.

### 13. RETURN.

At the conclusion of this action, all tangible Protected Information, and all copies of Protected Information shall, at the Receiving Party's option, be destroyed or returned to counsel for the Producing Party; except that counsel for each party may retain one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as Protected Information, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product.

### 14. PROTECTION OF THIRD PARTIES.

An entity that is not a party to this litigation may take advantage of the protection of Protected Information provided by this Order, and such entity shall be entitled to all rights and protections afforded the Producing Party under this Protective Order.

### 15. MODIFICATION OF PROTECTIVE ORDER.

*The parties reserve the right to seek modification of this Order by the Court as necessary.*

#1521556 v1 den

## 16. ENFORCEMENT OF PROTECTIVE ORDER

In any proceeding to enforce the terms of this Protective Order, the prevailing party shall be awarded all reasonable attorney fees and costs incurred in the resolution of the proceeding without regard to whether the party is deemed to be the prevailing party in the overall litigation.

HOLME ROBERTS & OWEN LLP

*[signature]*

Paul J. Lopach
Attorneys for Plaintiff

SMITH LAW OFFICE LLC

*[signature]*

Jeffrey A. Smith
Attorneys for Defendant

STIPULATION ACCEPTED AND ORDER GRANTED this 11th day of March, 2011.

*As Amended in paragraphs 7.(a) And 10 (b).*

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## UNDERTAKING

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive Confidential and/or Highly Confidential Information supplied by _____ (Party). I certify that I understand that such Confidential and/or Highly Confidential Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2011, in case number _____, in the United States District Court for the District of Colorado (the "Court"). I further represent that I have been given a copy of and have read that PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information. I consent to personal jurisdiction over me by the Court for purposes of enforcing the PROTECTIVE ORDER.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court.

_____    _____
Date                              Signature

#1521556 v1 den