IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-02402-CMA-MJW

OHIO SPINE NETWORK, INC., an Ohio Corporation,

    Plaintiff,

v.

LANX, INC., a Delaware Corporation,

    Defendant.

---

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

---

This matter is before the Court on "Defendant's Motion for Summary Judgment"[1] (Doc. # 26), filed September 28, 2011, and "Plaintiff's Motion for Partial Summary Judgment on Liability on Plaintiff's First and Third Claims for Breach of Contract" (Doc. # 27), also filed on September 28, 2011. Both motions are ripe for review.[2] Upon review of the parties' briefing and evidence referenced therein, the Court determines that genuine disputes of material fact preclude the Court from granting summary judgment for either party on the claims themselves. However, with respect to

---

[1] Because Defendant seeks summary judgment on less than all of the claims asserted by Plaintiff (*see* Doc. # 26 at 1), its motion is actually a motion for **partial** summary judgment.

[2] Plaintiff responded to Defendant's motion on October 31, 2011 (Doc. # 35), and Defendant replied on November 17, 2011 (Doc. # 39). Defendant responded to Plaintiff's motion on October 31, 2011 (Doc. # 34), and Plaintiff replied on November 17, 2011 (Doc. # 38).

Defendant's request to limit Plaintiff's damages (Doc. # 26 at 12-14), the Court analyzes separately Plaintiff's contract claims and tort claims, as follows.

Regarding Plaintiff's alleged contract damages that exceed the amount provided for in the Distribution Agreement's "Limitation of Liability" clause,[3] the Court determines that Defendant is entitled to judgment as a matter of law. To begin with, Plaintiff does not deny Defendant's assertion that the clause is valid and unambiguous. As such, there is no genuine dispute of material fact as to the clause's validity. Moreover, the public policy concerns that prohibit such clauses from limiting liability for willful and wanton tortious conduct (as discussed, *infra*) have not animated a similar prohibition for breach of contract claims. Nor would it make sense for them to have done so since, as Defendant asserts, "[o]utside the context of bad faith breach of an insurance contract, Colorado law does not distinguish between negligent, fraudulent[,] or intentional breach of contract." (Doc. # 39 at 10.) *See Energex Enters., Inc. v. Anthony Doors, Inc.*, 250 F. Supp. 2d 1278, 1284 (D. Colo. 2003) (finding that the plaintiff's "bad faith breach of contract claim fails to state a claim under Colorado law"); *William H. White Co. v. B&A Mfg. Co.*, 794 P.2d 1099, 1101 (Colo. App. 1990) ("Colorado does not recognize a claim for punitive damages predicated upon breach of contract. Instead, a plaintiff must commit some form of intentionally tortious conduct . . . ." (internal citation omitted)).

Further, the arguments Plaintiff advances to illustrate that Defendant "did not inadvertently or negligently breach the Distribution Agreement" rely on acts that

---

[3] That clause states, in pertinent part, that "Lanx's total liability arising out of or related to this [Distribution] Agreement will not exceed the aggregate amounts paid by Lanx to distributor under this agreement during the preceding twelve (12) months." (Doc. # 26-1, ¶ 12.8.)

comprise Plaintiff's tort claims.  (*Compare, e.g.*, Doc. # 35 at 18-19 ("Lanx even reassured OSN that the Distribution Agreement was in effect while contemporaneously negotiating with the principal of OSN's own subdistributor to replace OSN as Lanx's distributor in Ohio and induce another sales representative to breach her noncompete with OSN." (citations omitted)), **with** Doc. # 1 at 9 (tortious interference with business relationship claim) ("Lanx intentionally, willfully, and wantonly induced one or more of OSN's sales representatives to terminate their business relations with OSN and enter into new contracts with a new Lanx distributor for Ohio."), **and** Doc. # 1 at 10 (civil conspiracy claim) ("Lanx's conduct has been attended by conduct that is willful, wanton, and malicious, including providing repeated assurances to OSN that the parties still had a contract while Lanx was in fact laying the groundwork with its conspirators to undermine OSN's business relationships and provide a pretext for terminating OSN's distributorship.").)  Accordingly, the Court agrees with Defendant that Plaintiff"s attempt to circumvent the "Limitation of Liability" clause "improperly conflates tort and contract law."  (Doc. # 39 at 10.)  Limiting Plaintiff's alleged contract damages, as Defendant requests, appropriately prohibits Plaintiff from recovering damages twice – in tort and also in contract – for the same underlying conduct.[4]

With respect to Plaintiff's tort claims, however, under Colorado law public policy prohibits a party from using "limitation of liability" clauses to "shield against a claim for

---

[4] The Court also agrees with Defendant that, even if Colorado recognized bad faith or intentional breach of contract, there are no claims or allegations of such conduct in the Complaint.  (*See* Doc. # 1.)  Rather, "OSN's contract claims are run-of-the-mill claims that simply allege there was a contract and Lanx breached it."  (Doc. # 39 at 10.)

willful and wanton conduct." *United States Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 548 (Colo. App. 2008). Plaintiff's tort claims are premised on allegations of such conduct. (*See* Doc. # 1 at 9-10.) Thus, with respect to these claims, Defendant is not entitled to "an order limiting [Plaintiff's] damages" to those specified in the "Limitation of Liability" clause. (*See* Doc. # 26 at 14.) To the extent Plaintiff can prove that Defendant acted willfully and wantonly, its tort damages, if any, will not be subject to the "Limitation of Liability" clause which, for the foregoing reasons, applies only to Plaintiff's contract claims.

Accordingly, the Court ORDERS that "Defendant's Motion for Summary Judgment" (Doc. # 26) is GRANTED IN PART to the extent that Plaintiff's contract damages shall not exceed the amount provided for in the "Limitation of Liability" clause and DENIED IN ALL OTHER RESPECTS; "Plaintiff's Motion for Partial Summary Judgment on Liability on Plaintiff's First and Third Claims for Breach of Contract" (Doc. # 27) is DENIED.

DATED:  May  07 , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge